UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 03-371

MICHAEL L. ADAMS, JR.                   SECTION: "J"

**ORDER AND REASONS**

Before the Court is Michael Adams, Jr.'s **Motion to Correct or Amend the Clerical Error in the Written Judgment (Rec. Doc. 39)**. This motion, which is opposed by the government, is set for hearing on January 21, 2009. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that the motion should be dismissed.

**Background Facts**

Adams was arrested on state charges on September 12, 2003 and was detained as a parole violator. On September 16, 2003 officers with the Louisiana State Police searched the Adams' residence and found a firearm and ammunition. Subsequently on December 12, 2003, as a result of the firearm and ammunition

discovered during the search, Adams was charged in a two count federal indictment. Count one of that indictment charged Adams with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count two charged him with possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Adams plead guilty to both counts as charged on March 17, 2004.

On July 14, 2004 Adams was sentenced by this Court to ninety-six months imprisonment on both counts one and two to be served concurrently. Additionally, the Court's judgment stated that this sentence "shall run consecutively to the sentence to be imposed by the Louisiana State Parole Commission" for pending parole violations. Rec. D. 37.

## **The Parties' Arguments**

This motion was filed by Adams seeking "credit for time served in federal custody." Adams claims that because of confusion regarding his state detainer as a parole violator, filed on September 30, 2003, and another detainer from the U.S. Marshals Service filed on December 12, 2003, he has not received credit towards his federal sentence for time served from September 16, 2003 until November 12, 2004.

The government has filed a memorandum in response to this motion that urges that the motion be dismissed without a hearing.

The government argues that a motion seeking credit for time served is properly pursued under 28 U.S.C. § 2241 and that such a motion may only be properly filed in the district where the defendant is incarcerated.  Since Adams is currently imprisoned at a federal facility in Arkansas and not within the Eastern District of Louisiana, the government argues that this present motion should be dismissed.[1]

**Discussion**

In this motion Adams is seeking credit towards his federal sentence for time served while in federal custody.  Such a motion is properly brought pursuant to 28 U.S.C. § 2241.  "Section 2241 is correctly used to attack the manner in which a sentence is executed." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001).  A petition pursuant to Section 2241 to attack the manner in which a sentence is carried out or the length of a sentence as determined by prison authorities must be filed in the district where the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th cir. 2000), see also United States v. Jones, No. 07-5401, 2008 WL 2073983, at *2 (E.D. La. May 13, 2008)(Lemmon,

---

[1] The government's memorandum incorrectly states that the defendant is being held at the federal correctional facility in Forrest City, Arizona.  However, there is no Forrest City, Arizona and no federal facility located in that locale.  However, the defendant is currently being held at the federal facility in Forrest City, Arkansas.  The defendant's motion identifies this facility as his current address.

3

J.)(declining to address the petitioner's arguments for credit for time served because he was not incarcerated in the Eastern District of Louisiana). Adams is currently serving his sentence for the conviction in this case at the Federal Correctional Facility in Forrest City, Arkansas. Since the petitioner is not currently imprisoned within the Eastern District of Louisiana, this Court may not address his claims for credit for time served. Such claims must be brought in the district in which he is currently being held. Accordingly,

**IT IS ORDERED** that the **Motion to Correct or Amend the Clerical Error in the Written Judgment (Rec. Doc. 39)** is dismissed without prejudice such that it can be refiled in the district in which Adams is incarcerated.

New Orleans, Louisiana, this 15th day of January, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE